IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

Gregory Allen
Assistant United States Attorney
167 North Main Street Suite 800
Memphis, TN 38103

Re:    United States v. Dedrick Bell
       **2:25-cr-20371**

Dear Gregory Allen:

Pursuant to: the Federal Rules of Criminal Procedure; Federal Rules of Evidence; Discovery Policy for Criminal Cases in the Western District of Memphis, Tennessee; case law; the Model Rules of Professional Conduct; and the Tennessee Rules of Professional Conduct; I am writing to make specific requests for Discovery on behalf of my client, Dedrick Bell (hereinafter "Defendant").

### Brady/Giglio Material

Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  Defendant requests that you produce sufficiently in advance of trial any exculpatory evidence material to guilt or punishment, including impeachment evidence or information (whether in the form of witness statements or not). In the event witness interviews were conducted of any person the government expects to call as a witness at trial, the substance of which constitutes impeachment material subject to production pursuant to <u>Brady</u>/<u>Giglio</u>, cause such interviews to be reduced to writing for production at trial, including any agent's handwritten notes. Should you have a question with regard to whether certain information constitutes <u>Brady</u>/<u>Giglio</u> material, or when it must be produced, I request that you present the information to the Court with notice to me, for review in camera to resolve these issues.

### A. Information Regarding Government Witnesses and Evidence

1. Any and all arrests within the past ten (10) years, including date, arresting agency, the charge, and disposition of the charge;

2.  Any and all convictions within the past ten (10) years including the date of the conviction, the court, the charge, and the disposition of the charge;

3.  Any and all promises made to each of said witnesses, including promises of leniency, no prosecution, payment of money, recommendations to courts, or any other promises of benefit to any said witnesses or any member of their family, close friend and/or associate;

4.  The identification of all criminal conduct known to have been committed by said witness which did not result in any arrest or charge;

5.  Any and all plea agreements that each of said witnesses have agreed to whether in state or federal court;

6.  Any and all information concerning false statements made by said witness, or any witness or police officer involved in this case, including but not limited to the following:

    a.  False statements on any written documents including, but not limited to, employment applications, rental applications, etc.
    b.  False claims of employment, income, and/or residence;
    c.  False testimony;
    d.  False claim of taxable income; and/or
    e.  False statements to any investigating agency, federal, state or local;

7.  Any and all searches for corroboration of a specific event in which it was determined that the witness' recall of any of the facts is incorrect;

8.  Any and all statements of other persons to the effect that said witness does not have a good reputation for honesty or credibility, or that the person has an opinion that the witness is not honest or credible;

9.  Any and all inconsistent statements;

10. Any and all interviews of other persons who relate events different than the way in which the witness relates the same event;

11. Disclosure as to whether any such witness was acting as a government agent during any of the events he has related concerning the defendants in this case;

12. Any and all records and information revealing prior misconduct or bad acts attributed to the witness;

13. The name, court and case number of each case in which the witness has testified as a defense or prosecution witness;

14. The existence and identification of each occasion on which the witness who was, or is, an informer, accomplice, co-conspirator or expert, has testified before any court, grand jury, or any administrative agency;

15. Defendant specifically requests any and all information in the possession of the government, or known to the government, which indicates that any of the allegations in the indictment about the defendants are untrue;

16. Defendant also specifically requests disclosure of any and all material known to the government or which may become known, or which through due diligence may be learned from the investigating officers or the witnesses or persons having knowledge of this case, which is exculpatory in nature or favorable to the accused or which may lead to exculpatory or favorable material or which might serve to mitigate punishment, including any evidence impeaching or contradicting testimony of a government witness in this cause. a. The substance of any and all relevant oral statements (whether or not recorded in a written record) made by Doe, whether before or after arrest, in response to interrogation by any and all persons then known by Defendant to be a government agent, which the government intends to use at trial, whether in case in chief, as rebuttal, or for impeachment (Fed. R. Crim. Proc. 16(1)(1)(A))

## B. Rule 16 Fed. R. Crim. Proc.

Defendant requests the following material covered by Rule 16, Federal Rules of Criminal Procedure, be disclosed regarding Defendant's written or recorded statements:

a. The substance of any and all relevant oral statements (whether or not recorded in a written record) made by Defendant, whether before or after arrest, in response to interrogation by any and all persons then known by Defendant to be a government agent, which the government intends to use at trial, whether in case in chief, as rebuttal, or for impeachment (Fed. R. Crim. Proc. 16(1)(1)(A));

b. Any and all relevant written recorded statement(s) by Defendant which are within the government's possession, custody, or control and which you and/or any other attorney for the government has knowledge of its existence,

or could have knowledge of its existence through the exercise of due diligence (Fed. R. Crim. Proc. 16(a)(1)(1)(B)(i));

c.  Any and all portions of any and all written record(s) containing the substance of any and all relevant oral statement(s) made by Defendant, whether before or after arrest, if Defendant made the statement(s) in response to interrogation by a person Defendant knew was a government agent (Fed. R. Crim. Proc. 16(a)(1)(B)(ii));

d.  With regard to the three requests listed above, Defendant is specifically requesting any and all statement(s), confession(s) or admission(s) relating directly or indirectly to the charges in this case, made by Defendant to investigating officers and/or third parties. This request includes any and all statement(s) or admission(s) that may have been incorporated in any report, memorandum, transcript or other document or recording prepared by federal, state or local government agents and/or attorneys. The request also encompasses statements made by Defendant to a third party who then made a statement to the government in which Defendant's remarks were repeated or reported and included in any such third-party's statement. This request also encompasses any statements made by any agents of Defendant to government agents or attorneys that the government considers to be statements made by Defendant;

This request not only includes written or recorded statements made by Defendant to government state agencies but to other individuals as well. This request also includes not only verbatim statements made by Defendant, but also any summaries of government or state reports setting out the substance of the defendant's statements or statements attributable to him;

e.  With regards to the four requests listed above, the identity of any government personnel present at the time of any statement referred to above.

*Defendant* requests the following additional material discoverable pursuant to Rule 16:

f.  A complete copy of Defendant's prior criminal record, if any (Fed. R. Crim. Proc. 16(a)(1)(D));

g.  Any and all books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any such items that are within the government's possession, custody, or control and which are material to preparation of Defendant's defense, including but not limited to:

1.  DOJ policy statements, guidelines, memoranda and opinions, formal and informal, which refer to or relate to prosecution of any of the offenses named in the indictment herein;

2.  All documents relating to any of the allegations in the indictment.

(Fed. R. Crim. Proc. 16(a)(1)(E)(i));

h.  Any and all books, papers, documents, data, photographs, tangible objects, building or place, or copies or portion of any such items that are within the government's possession, custody, or control and which the government intends to use at trial. This includes not only items that will marked and offered into evidence, but all documents that will be relied upon or referred to in any way by any witness (including any experts) called by the government during its case in chief. We request that any document in this category be specifically identified from among the mass of documents that may be produced pursuant to defendant's Rule 16 request, both to enable counsel to prepare effectively for trial and to afford Defendant an opportunity to move to suppress any evidence the government intends to use in its case in chief. (Fed.
R. Crim. Proc. 16(a)(1)(E)(ii));

i. Any and all books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any such items that are within the government's possession, custody, or control which were obtained from and/or belong to Defendant (Fed. R. Crim. Proc. 16(a)(1)(E)(iii)).

## C.  Notice of Evidence Subject to Suppression

Rule 12(b)(4)(B), Federal Rules of Criminal Procedure, allows for a Defendant to request notice of the Government's intent to use any evidence that the defendant may be entitled to discover under Rule 16, so that we may have "an opportunity to move to suppress evidence under Rule 12(b)(3)(C)…" Defendant now requests such notice in order to comply with Rule 12(b)(3)(C)'s requirement that motions to suppress be raised prior to trial.

a.  Defendant requests notice of the government's intention to use any evidence (in its case in chief at trial)  which the defendant may be entitled to suppress under Rules 4, 12(b)(3)(C), or 41, Federal Rules of Criminal Procedure, and/or the Fourth, Fifth or Sixth Amendments to U.S. Constitution.

b.  Defendant further requests that the government disclose all search warrants, returns, and affidavits used in the investigation of the defendant and all seizure reports showing seizures of evidence without use of a search warrant.

## D.  Notice Summary of Expert Testimony

Pursuant to Rule 16(a)(1)(G) please provide the names, written summary, CV, lab reports or testing results,  and the basis  for same for any expert the government intends to utilize in its case-in-chief.

### E. Electronic Surveillance

Pursuant to 18 U.S.C. §§ 2510, *et seq.,* and Fed. R. Crim. Proc. 16(a)(1)(A), (B), and (E), please provide the following:

    a. Any and all applications for and supporting materials (e.g., affidavits) concerning any and all Title III interception(s) collected during the investigation of this case, subject to a Protective Order signed by the Court.

    b. Any and all tapes and/or electronic media of any and all communication(s) captured pursuant to Title III during the investigation of this case in the Defendant and/or many of his alleged co-defendants, co-conspirators, and/or unindicted co-conspirators were overheard or mentioned.

    c. Any and all logs and/or other items reflecting how their interceptions or recording were made, monitored, and preserved. This includes but is not limited to court orders, court extensions, logbooks, minimization orders, orders dictating procedures for gathering such information and the review and transcription thereof, transcripts of recorded conversations or communications, call lists, and any drafts or summaries of the foregoing.

### F. Witness Names and Witness Statements

In the interest of efficiency, Defendant requests the names of all witnesses which the government intends to call at trial, together with their statements as defined by Rule 26.2, Federal Rules of Criminal Procedure, and 18 U.S.C §3500. If the government feels that statements in its possession do not meet the requirements of Rule 26.2, it is specifically requested that these statements be immediately delivered for inspection in camera by the court.

While I realize that Rule 26.2 and Section 3500 only require disclosure after direct examination of the witness. With that, we would prefer not to unduly delay matters as counsel would fully intend to review all statements prior to the cross examination of any witness called.

Furthermore, Defendant requests: the badge number; employee ID; phone number, unless they are to be contacted through the Government; and address, unless they are to be contacted through the Government; of any police officer or law enforcement officer involved in this case, regardless of whether the Government intends to call the individuals as a witness.

Defendant also requests the department that the officers or law enforcement witnesses worked in at the time of the allegations contained in the Indictment.

### G. Informant Information

a. Defendant requests disclosure of the identity of all informants who have furnished information which may be material to ***Defendant***'s guilt or innocence phase, if any were used;

b. The identity of all informants who were present at any of the events which are described in the indictment, including any and all overt acts;

c. The actual number of informants employed by the government in this case;

d. All government report containing information from confidential informants described in any of the items listed above and which are material to the instant case.

### H. Prior Acts / Extraneous Acts

Defendant specifically requests notice of any prior similar acts of any and all defendants which the government intends to introduce at the trial. Defendant also specifically requests notice and disclosure of any extraneous "bad acts" the government intends to introduce at trial pursuant to Fed. Rules of Evid. 404(b).

### I. Audio and Video Tapes and Photographs

Defendant specifically requests that the government reveal and produce copies of all audio, or video tapes, or photographs alleged by the government to contain the voice or visual image of Defendant or any co-defendant or alleged co-conspirator and which the government may use at trial.

### J. Review of Personnel Files

It is requested that you review the personnel files of all agents who will be called at the trial to determine if they can contain "perjurious conduct or other like dishonesty. The failure of a prosecutor to review testifying police personnel files for *Brady* materials has held to be reversible error

### K. Co-conspirators Statements

Defendant requests notice and disclosure of any and all statements of co-defendants or persons claimed by the government to be co-conspirators which the government intends  to introduce as evidence against Defendant.

### L. Co-Defendant Statements

Defendant specifically requests notice and disclosure of any statements of co-defendants to government agents which in any way implicate Defendant in any criminal wrongdoing. This

information is sought to enable this defendant to consider whether or not a motion to sever need be made.

### M. <u>Bruton</u> Statements

Defendant specifically requests notice and disclosure of the substance of any statements that may be admissible against any indicted or unindicted co-defendant and/or co-conspirator, but not against Defendant. *See* <u>Bruton v. United States</u>, 391 U.S. 123, 126-28 (1968).

### N. Rule 807 Residual Hearsay

Defendant requests the government to provide notice of its intention to offer any statements under Fed. Rule of Evid. 807, the particulars of any such statement, as well as the name and address of the declarant.

### O. Model Rules

The Model Rules of Professional Conduct also impose requirements regarding exculpatory and impeachment material.

> The prosecutor in a criminal case shall . . . make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when a prosecutor is relieved of this responsibility by a protective order of the tribunal.

*See* Rule 3.8(d), Model Rules of Professional Conduct.

### P. Discovery in Accord with DOJ Policy

Defendant is aware that the Department of Justice has adopted policies that go beyond that with which is required through both *Brady*, *Giglio*, and other relevant caselaw, and in accordance with that request:

A. Exculpatory information - information that is inconsistent with any element of the crime, or which establishes a recognized affirmative defense, regardless of whether the prosecutor believes the information is admissible evidence or will make a difference between conviction or acquittal.

B. Impeachment information - information that either casts a substantial doubt on the accuracy of any evidence the prosecutor intends to rely on to establish an element

(including but not limited to witness testimony) or which might have a significant bearing on the admissibility of prosecution evidence. This is regardless of whether the prosecutor believes the information is admissible as evidence or will make a difference between conviction and acquittal.

We note that DOJ Policy acknowledges and requires that the disclosure requirement applies even when the information subject to disclosure is not itself admissible evidence.

Furthermore, if the cumulative impact of several pieces of information meets the disclosure requirements, DOJ policy requires disclosure of all of the information even if the pieces, considered separately, do not meet the requirements. *See* United States Attorney's Manual, Sections 9-5.001.

**Q. Materials Protected by Order of Seal**

In the event that government has possession of, constructive or otherwise, or is aware of materials, such as, but not limited to, a search warrant, materials related to the search warrant, to include affidavits in support of the warrant, orders relating to the warrant, and/or the warrant itself, but such material has been sealed by request of the government or other entity, we request that you immediately apply for an order to unseal said material and promptly provide said material to the defendant.

If the requested materials above relate to an active or ongoing criminal investigation or other classified matter, we request that you ask for an order allowing limited release of the material to the defense counsel, with such prohibitions on copying or disclosure in place as necessary to both protect and facilitate constitutional disclosures of documents.

Thank you very much for your consideration of these matters.

Respectfully,

/s/ Terrell Tooten

Terrell Tooten
BPR 28506
Attorney for Defendant
5744 Rayben Circle
Memphis, TN, 38115
(901) 609-3622
telephone
x99tooten@gmail.com