FILED IN OPEN COURT
DATE: _2|11|2026_
TIME: _9:33_
INITIALS: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,               )        No. 2:25-cr-20371-SHL
                                 )
v.                               )
                                 )
DEDRICK BELL,                    )
                                 )
        Defendant.               )

# PLEA AGREEMENT

Come now the parties herein, the defendant, Dedrick Bell, being represented by Terrell L. Tooten, and the United States, being represented by Gregory D. Allen, Assistant United States Attorney for the Western District of Tennessee, and hereby agree as follows:

1.    The Defendant is pleading guilty to Count 2 of the Indictment. The Defendant is pleading guilty because he is in fact guilty of the offense alleged.

2.    Count 2 of the Indictment charges on or about January 14, 2025, the defendant possessed a firearm, Ruger, Model 57, 5.7 caliber pistol, as a convicted felon, in violation of Title 18, United States Code, Section 18 U.S.C. § 922(g)(1).

   a. The penalty for this violation is a term of imprisonment not more than 15 years imprisonment, not more than a $250,000 fine, or both, not more than a 3 yr. period of supervised release and a special assessment of $100.

3.    The defendant enters this agreement freely, knowingly, and voluntarily, and upon the advice of counsel.

1

4.    The Defendant further understands and agrees that the special assessment of $100 as to each count is due and payable to the United States District Court Clerk's Office as part of his sentence.

5.    There is no agreement as to the defendant's criminal history.   However, if the defendant were to be classified as an Armed Career Criminal, either party may withdraw from the agreement.

6.    Any statement made in the course of the plea colloquy may be used against him in any criminal prosecution. The Defendant knowingly, intelligently and voluntarily waives any objection based on Federal Rules of Evidence 410.

## CONCESSIONS BY THE GOVERNMENT

7.    The parties agree that the Government will recommend that the defendant receive a full reduction for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1, providing the defendant commits no new criminal offenses and continues to demonstrate an affirmative acceptance of responsibility, including acknowledging guilt in open court to the facts as set out in the indictment. However, the defendant understands that whether or not acceptance of responsibility is granted is a matter to be determined by the district court. Failure of the district court to grant acceptance of responsibility is not a basis for the defendant to withdraw his guilty plea or to appeal his sentence.

8.    The parties agree that the Government will recommend that the Defendant be sentenced to a guideline sentence within the applicable guideline range as found by the court at sentencing.

9.    The parties agree the Government will move to dismiss the remaining count of the indictment against the Defendant at sentencing. The Defendant understands that

any dismissed count will still be reviewed by United States Probation for relevant conduct purposes in the pre-sentence report.

## BREACH OF PLEA AGREEMENT BY THE DEFENDANT

10.     Should it be judged by the Government that the defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting, obstructing or impeding justice within the meaning of United States Sentencing Guidelines Section 3C1.1, from the date of the defendant's signing of this plea agreement to the date of the defendant's sentencing, or if the defendant attempts to withdraw his plea, the Government will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the defendant would not release the defendant from this plea of guilty.

## WAIVER OF APPEAL AND 2255 ACTIONS

11.     Appeal Waiver. The defendant acknowledges that he has been advised by counsel of defendant's rights to appeal his conviction or sentence, including the appeal right conferred by 18 U.S.C. § 3742.   Defendant expressly waives the right to appeal his conviction or sentence, except as specifically reserved below.   Defendant reserves the right to appeal: (1) any punishment in excess of the statutory maximum, or (2) any sentence to the extent it exceeds the guidelines range established by the court at sentencing.

12.     Collateral Review Waiver. The defendant retains the right to raise claims alleging ineffective assistance of counsel and prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c),

3

as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

13.    By signing this agreement, the defendant affirms that he is satisfied with his lawyer's counsel and representation, and hereby freely and voluntarily enters into this plea agreement. The defendant understands that this writing constitutes the entire plea agreement between the parties with respect to the plea of guilty. No other additional promises, representations, or inducements, other than those referenced in this plea agreement, have been made to the defendant or to the defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

[space intentionally left blank – signature page follows]

4

Respectfully submitted,

D. Michael Dunavant
United States Attorney
Western District of Tennessee

Gregory D. Allen
Assistant United States Attorney

02/11/2026
Date

Terrell L. Tooten
Attorney for Defendant

2-11-2026
Date

Dedrick Bell
Defendant

2-11-2026
Date

5